# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-235V

Filed: November 29, 2023

| | |
|---|---|
| * * * * * * * * * * * * | * |
| KRISTEN SILVERIO *on behalf of her* | * |
| *minor child, G.L.*, | * |
| | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * | * |

*Andrew Downing, Esq.*, Downing, Allison & Jorgenson, Phoenix, AZ, for petitioner.
*Colleen Hartley, Esq.*, US Department of Justice, Washington, DC, for respondent.

## **DECISION AWARDING DAMAGES**[1]

**Roth**, Special Master:

On March 6, 2015, Kristen Silverio ["Ms. Silverio" or "petitioner"] filed a petition on behalf of her minor child G.L. for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that her daughter suffered a complex febrile seizure and subsequent epileptic seizures and disorders after receiving varicella and pneumococcal conjugate vaccinations on April 16, 2012. Proffer, filed November 28, 2023; Petition, ECF No. 1. A Ruling on Entitlement issued on November 14, 2019, finding petitioner entitled to compensation. ECF No. 89.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

1

Respondent filed a proffer on November 28, 2023, agreeing to issue the following payment:

    A. **A lump sum payment of $1,438,719.84**, in the form of a check payable to petitioner as the court-appointed guardian(s)/conservator(s) of the estate of G.L. for the benefit of G.L.;

    B. **A lump sum payment of $5,859.08**, representing compensation for past unreimbursable expenses, in the form of a check payable to petitioner, Kristen Silverio;

    C. **A lump sum payment of $31,581.68**, representing compensation for satisfaction of the State of Connecticut Medicaid lien, payable jointly to petitioner and:

> Connecticut Department of Administrative Services
> ATTN: Jennifer Koske
> Reimbursement Analyst
> 450 Columbus Boulevard
> Suite 1001
> Hartford, CT 06103
> Case Number: 3735017

    D. **An amount sufficient to purchase the annuity contract described in section II.D of the proffer**.

Proffer, ECF No. 152.

I adopt respondent's proffer attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/ Mindy Michaels Roth</u><br>
Mindy Michaels Roth<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KRISTEN SILVERIO, on behalf of her minor child, G.L., ) ) ) | |
| Petitioner, ) ) | |
| v. ) ) | No. 15-235V Special Master Roth |
| SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, ) ) ) ) | ECF |
| Respondent. ) ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On March 6, 2015, Kristen Silverio ("petitioner"), on behalf of her minor child, G.L., filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that as a result of receiving the varicella and pneumococcal conjugate vaccinations on April 16, 2012, G.L. suffered complex febrile seizure and subsequent epileptic seizures and disorders. Petition, ECF No. 1. On November 14, 2019, Special Master Roth issued a Ruling on Entitlement in favor of petitioner. ECF No. 91. Respondent now proffers the following regarding the amount of compensation to be awarded.[1]

---

[1] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of the Special Master's November 14, 2019, Ruling on Entitlement, finding petitioner entitled to an award under the Vaccine Act. This right accrues following the issuance of the damages decision.

I.   **Items of Compensation**

A.   Life Care Items

Respondent engaged life care planner Laura E. Fox, MSN, BSN, RN, CNS, CLCP, and petitioner engaged Roberta Hurley, Hurley Consulting, to provide an estimation of G.L.'s future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in the Special Master's November 14, 2019, Ruling on Entitlement. All items of compensation identified in the life care plan are supported by the evidence and are illustrated by the chart entitled Appendix A: Items of Compensation for G.L., attached hereto as Tab A.[2] Petitioner agrees.

B.   Lost Future Earnings

The parties agree that based upon the evidence of record, G.L. will not be gainfully employed in the future. Therefore, respondent proffers that G.L. should be awarded lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(B). Respondent proffers that the appropriate award for G.L.'s lost future earnings is $1,186,719.84. Petitioner agrees.

C.   Pain and Suffering

Respondent proffers that G.L. should be awarded $245,000.00 in actual pain and suffering. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

---

[2] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

      D.      <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to G.L.'s vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $5,859.08. Petitioner agrees.

      E.      Medicaid Lien

Respondent proffers that G.L. should be awarded funds to satisfy a State of Connecticut Medicaid lien in the amount of $31,581.68, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Connecticut may have against any individual as a result of any Medicaid payments the State of Connecticut has made to or on behalf of G.L. from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about April 16, 2012, under Title XIX of the Social Security Act.

**II.**      <u>**Form of the Award**</u>

The parties recommend that the compensation provided to G.L. should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[3]

A. A lump sum payment of $1,438,719.84, representing compensation for life care expenses in the first year after judgment ($7,000.00), lost future earnings ($1,186,719.84), and pain and suffering ($245,000.00), in the form of a check payable to petitioner as guardian(s)/

---

[3] Should G.L. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, lost future earnings, and future pain and suffering.

conservator(s) of the estate of G.L., for the benefit of G.L.  No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian(s)/conservator(s) of G.L.'s estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of G.L., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of G.L. upon submission of written documentation of such appointment to the Secretary.

      B.  A lump sum payment of $5,859.08, representing compensation for past unreimbursable expenses, in the form of a check payable to petitioner, Kristen Silverio.

      C.  A lump sum payment of $31,581.68, representing compensation for satisfaction of the State of Connecticut Medicaid lien, payable jointly to petitioner and:

> Connecticut Department of Administrative Services
> ATTN: Jennifer Koske
> Reimbursement Analyst
> 450 Columbus Boulevard
> Suite 1001
> Hartford, CT 06103
> Case  Number: 3735017

Petitioner agrees to endorse this payment to the Connecticut Department of Administrative Services.

      D.  An amount sufficient to purchase the annuity contract,[4] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan,

---

[4] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

as illustrated by the chart at Tab A attached hereto, paid to the life insurance company[5] from which the annuity will be purchased.[6]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner only so long as G.L. is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity

---

[5] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A. M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

        2.        <u>Life-Contingent Annuity</u>

The petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as G.L. is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of G.L.'s death.

        3.        <u>Guardianship</u>

No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian(s)/conservator(s) of G.L.'s estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of G.L., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of G.L. upon submission of written documentation of such appointment to the Secretary.

**III.**    **<u>Summary of Recommended Payments Following Judgment</u>**

| | | | |
|---|---|---|--:|
| | A. | Lump Sum paid to the court-appointed guardian(s)/ conservator(s) of the estate of G.L. for the benefit of G.L.: | **$1,438,719.84** |
| | B. | Past unreimbursable expenses payable to petitioner: | **$ 5,859.08** |
| | C. | Medicaid lien: | **$ 31,581.68** |

---

[6] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

D. An amount sufficient to purchase the annuity contract described above in section II. D.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*/s/Colleen C. Hartley*
COLLEEN C. HARTLEY
Assistant Director
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-3466
colleen.hartley@usdoj.gov

Dated:  November 28, 2023

Appendix A:  Items of Compensation for G.L.                                                                                                                                 Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2023 | Compensation Years 2-4 2024-2026 | Compensation Years 5-11 2027-2033 | Compensation Years 12-14 2034-2036 | Compensation Years 15-23 2037-2045 | Compensation Years 24-53 2046-2075 | Compensation Years 54-Life 2076-Life |
|---|---|---|---|---|---|---|---|---|---|---|
| Cigna Maximum out of Pocket | 5% | | | 3,150.00 | 3,150.00 | 3,150.00 | 3,150.00 | | | |
| Caremark Prescription Medications Maximum out of Pocket | 5% | | | 3,850.00 | 3,850.00 | 3,850.00 | 3,850.00 | | | |
| Affordable Care Act Premium | 5% | | M | | | | | 4,656.36 | | |
| Afforable Care Act Maximum out of Pocket | 5% | | | | | | | 6,200.00 | | |
| Medicare Part B | 5% | | M | | | | | | 1,978.80 | |
| Medicare Advantage | 5% | | M | | | | | | 3,634.60 | 3,634.60 |
| Neurologist at Epilepsy Center | 5% | * | | | | | | | | |
| Pediatric Neurologist | 5% | * | | | | | | | | |
| Neuropsychologist | 5% | * | | | | | | | | |
| Anti-seizure Prescription Medications | 5% | * | | | | | | | | |
| Personal Aide | 4% | | M | | | 17,160.00 | | | | |
| Residential Services | 4% | | M | | | | 155,000.00 | 155,000.00 | 155,000.00 | 155,000.00 |
| Lost Future Earnings | | | | 1,186,719.84 | | | | | | |
| Pain and Suffering | | | | 245,000.00 | | | | | | |
| Past Unreimbursable Expenses | | | | 5,859.08 | | | | | | |
| Medicaid Lien | | | | 31,581.68 | | | | | | |
| Annual Totals | | | | 1,476,160.60 | 7,000.00 | 24,160.00 | 162,000.00 | 165,856.36 | 160,613.40 | 158,634.60 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed guardian(s)/conservators(s) of the estate of G.L., for the benefit of G.L. for lost future earnings ($1,186,719.84), pain and suffering ($245,000.00), and Yr 1 life care expenses ($7,000.00): $1,438,719.84.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner, Kristen Silverio, for past un-reimbursable expenses: $5,859.08.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the State of Connecticut, as reimbursement of the state's Medicaid lien: $31,581.68.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.