# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-235V
Filed: October 1, 2024

```
* * * * * * * * * * * * *   *
KRISTEN SILVERIO on behalf of her   *
minor child, G.L.,                  *
                                    *
            Petitioner,             *
                                    *
v.                                  *
                                    *
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
            Respondent.             *
* * * * * * * * * * * * *   *
```

*Andrew Downing, Esq.,* Downing, Allison & Jorgenson, Phoenix, AZ, for petitioner.
*Colleen Hartley, Esq.,* U.S. Dept. of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth,** Special Master:

On March 6, 2015, Kristen Silverio ("Ms. Silverio" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] ("Vaccine Act" or "Program") on behalf of her minor child, G.L. Petitioner alleged that G.L. suffered a complex, febrile seizure and was later diagnosed with epilepsy after she received Varicella and Pneumococcal vaccinations on April 16, 2012. Petition at 1-2, ECF No. 1.

On November 14, 2019, a Ruling on Entitlement issued, finding petitioner entitled to compensation. ECF No. 89. A Damages Order issued the following day. ECF No. 90. For several years thereafter, the parties engaged in negotiations to resolve damages. Respondent filed a proffer

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

on November 28, 2023. ECF No. 152. A decision adopting the parties' proffer issued the following day. ECF No. 153.

On December 21, 2023, petitioner filed a Final Motion for Attorneys' Fees and Costs, requesting $64,677.00 in attorneys' fees and $29,502.41 in costs for a **total award of $94,179.41**. Motion for Fees, ECF No. 156. Respondent filed his Response the same day, stating he was satisfied the statutory requirements for an award of fees and costs are met in this case. Response at 2, ECF No. 157. Petitioner did not file a Reply.

For the reasons discussed below, petitioner's Motion for Fees is **GRANTED IN PART**.

## I.        Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a proffer, she is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II.        Discussion

### A.  Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees

to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests compensation based on the following rates:

| Name | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 |
|------|------|------|------|------|------|------|
| ADD | $385 | $385 | $385 | $385 | $415 or $445 | $445 |
| AA | n/a | n/a | n/a | n/a | $415 | n/a |
| CVC | $205 | $205 | n/a | n/a | n/a | n/a |
| paralegals | $135 | $135 | $135 | $135 | $135 or $155 | $150 or $155 |

Motion for Fees at 15, 26-52, 62-70. The majority of the requested rates are reasonable and consistent with what has previously been awarded for work these individuals have performed in other cases. *See Quantie v. Sec'y of Health & Human Servs.*, No. 18-610V, 2022 WL 1412459, at *3 (Fed. Cl. Spec. Mstr. Mar. 28, 2022); *Wakileh v. Sec'y of Health & Human Servs.*, No. 21-1136V, 2023 WL 9228198, at *2 (Fed. Cl. Spec. Mstr. Dec. 18, 2023); *Pryor v. Sec'y of Health & Human Servs.*, No. 18-1288V, 2022 WL 17973236, at *3-4 (Fed. Cl. Spec. Mstr. Dec. 28, 2022).

However, upon changing law firms in July 2022, Mr. Downing and the paralegals increased their rates from July 2022 for the remainder of 2022. Motion for Fees at 26-52; *see also* Motion for Interim Attorneys' Fees and Costs, ECF No. 72. Mid-year rate adjustments are routinely denied in the Vaccine Program, and special masters have specifically denied the requested 2022 increases for Mr. Downing and his firm on several occasions. *See, e.g., Bixel v. Sec'y of Health & Human Servs.*, No. 22-228V, 2024 WL 945483, at *2 (Fed. Cl. Spec. Mstr. Jan. 10, 2024); *Gonzalez v. Sec'y of Health & Human Servs.* No. 21-1859V, 2024 WL 2698531, at *2 (Fed. Cl. Spec. Mstr. Apr. 17, 2024). As such, Mr. Downing is awarded a rate of $415 and the paralegals a rate of $135 for work performed in 2022, resulting in a **reduction of $954.00**.[4]

---

[3] The 2015-2024 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] This total is reached by finding the difference between the hours worked in 2022 (15 hours for Mr. Downing; 25.2 hours for paralegals) multiplied by both the rate charged ($445 for Mr. Downing; $155 for paralegals) and the rate awarded ($415 for Mr. Downing; $135 for paralegals).

### B.  Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g., McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work performed and reasonably correspond with the amount of time spent on that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. Additionally, counsel appropriately requested reimbursement only for the time spent on this matter after petitioner's award of interim attorneys' fees and costs; thus, the billing is not duplicative of what petitioner has already been awarded. *See generally* Motion for Fees; *see also* ECF Nos. 72, 77.

### C.  Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $29,502.41 in costs associated with obtaining medical records, the hearing transcript, postage, the life care planner, and costs associated with establishing a guardianship. Motion for Fees at 15-25, 52-61. The undersigned finds these costs reasonable and supported with adequate documentation.

Additionally, petitioner requested costs associated with her experts, Dr. James Pier and Dr. David Siegler. Dr. Pier is a clinical neuropsychologist who performed a neuropsychological evaluation and prepared a report in this matter. Motion for Fees at 60. He charged a rate of $350.00

per hour for 27.6 hours of work. *Id*. Petitioner did not submit any evidence to support this hourly rate; notably, respondent did not raise any objection to Dr. Pier's fees. *See generally* Response. The amount charged for his work in this case appears reasonable and will be awarded in full.[5]

Dr. Siegler is a pediatric neurologist. He charged a rate of $500.00 per hour for 9 hours of work spent preparing a supplemental expert report. I previously awarded his rate when granting petitioner's motion for interim attorneys' fees and costs. *See* Motion for Fees at 61; ECF Nos. 76-77. Thus, his fees will be reimbursed in full.

Finally, pursuant to General Order No. 9, counsel confirmed that petitioner did not personally incur any costs associated with this claim. Motion for Fees at 5.

### III.     Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED IN PART**. The undersigned hereby awards **$93,225.41,** representing $63,723.00 in attorneys' fees and $29,502.41 in costs, **in the form of a check payable jointly to petitioner and petitioner's counsel of record, Mr. Andrew Downing**.

In the absence of a timely-filed motion for review (*see* Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[5] The overall bill for Dr. Pier appears reasonable in light of the hours required for neuropsychological testing on a child and the issuance of a report containing the findings. No specific finding was made regarding Dr. Pier's hourly rate.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.